UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3038-D

**William L. Thompson**,

    Plaintiff,

v.

**George Solomon,** Director of NC Prisons,

    Defendant.

**Memorandum & Recommendation**

On February 16, 2016, William L. Thompson, a state inmate serving a term of imprisonment at the Albemarle Correctional Institution, filed this *pro se* action pursuant to 42 U.S.C. § 1983 (D.E. 1), seeking compensatory damages for violations of his constitutional rights. Compl. ¶ VII Relief, D.E. 1 at 8. Also before the court are Thompson's motion to appoint counsel (D.E. 6), his motion for an order directing the prison to make photocopies (D.E. 8), and his motion for default judgment (D.E. 12). The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

**I.    Background**

Thompson argues that he is being unlawfully confined beyond the expiration of his sentence. *See* Compl. ¶ V Statement of Claim, D.E. 1 at 5–7. He relies on the Eighth Amendment and the Universal Declaration of Human Rights, Articles 5 and 9, *id.,* and seeks his immediate release and monetary damages. *Id.* at ¶ VII Relief, D.E. 1 at 8.

## II. Motion for Default Judgment

Thompson's request for entry of a default judgment (DE 12) is premature. Entry of default is only appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). A defendant is not required to respond to a complaint until after he or she is served with summons and complaint. *See* Fed. R. Civ. P. 12. Because defendant has not been served with the summons and complaint, no answer is yet due. Therefore, Thompson's motion for entry of default is denied.

## III. Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Thompson's action is not complex, and he has demonstrated through his filings that he is capable of proceeding *pro se*. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, Thompson's motion requesting that he be appointed counsel (D.E. 6) is denied.

2

**IV. Screening Pursuant to 28 U.S.C. § 1915A**

The Prison Litigation Reform Act of 1996 ("PLRA") requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

Thompson argues that he is being unlawfully confined beyond the expiration of his sentence on April 7, 2015. *See* Compl. ¶ V Statement of Claim, D.E. 1 at 5–7. However, Thompson may not pursue this claim under § 1983. Rather, Thompson's claim that he is being unlawfully confined must be brought by a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Thus, the undersigned recommends that the court dismiss the complaint without prejudice for Thompson to file a petition for habeas corpus pursuant to 28 U.S.C. § 2254 if he believes he is being held beyond his release date.

In light of the court's dismissal of Thompson's § 1983 claim, his request for an order directing the prison to make copies of documents (DE 8) is moot and will be denied.

**V. Conclusion**

In sum, Thompson's Motion for a Default Judgment (D.E. 12) is denied, his Motion for Appointment of Counsel (D.E. 6) is denied, and his Motion to Order the Prison to Provide Copies (D.E. 8) is denied as moot. Furthermore, the undersigned recommends that his

Complaint (D.E. 1) be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: June 24, 2016

*Robert T Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE