IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3038-D

| | | |
|---|---|---|
| WILLIAM L. THOMPSON | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| GEORGE SOLOMON, Director of NC Prisons, | ) ) ) ) | |
| Defendant. | ) | |

On June 24, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 16] recommending that the court dismiss William L. Thompson's ("Thompson" or "plaintiff") complaint under 42 U.S.C. § 1983 and deny Thompson's motions for a default judgment, for appointment of counsel, and for an order directing the prison to provide copies. See M&R 2–4. On July 5, 2016, Thompson filed objections to the M&R [D.E. 17] and documents concerning his objections [D.E. 17-1]. As explained below, the court overrules Thompson's objections, adopts the conclusions in the M&R, and dismisses the action.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life &Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alterations, emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Thompson's objections. As for those portions of the M&R to which Thompson made no objection, the court is satisfied that there is no clear error on the face of the record.

First, Thompson objects to "all of the findings" in the M&R "that are unfavorable to [Thompson.]" Obj. [D.E. 17] 1. This general and conclusory objection does not warrant de novo review. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315; see also Fed. R. Civ. P. 72 advisory committee's note. As for Thompson's general and conclusory objection, the court is satisfied that there is no clear error on the face of the record and overrules the objection.

Next, Thompson objects to the portion of the M&R denying his motion for appointment of counsel. See Obj. [D.E. 17] 1. He provides no new argument in support of this objection but merely restates the request made in his complaint. Id. Merely reiterating the same arguments made in the pleading submitted to the magistrate judge, however, does not warrant de novo review. See Orpiano, 687 F.2d at 47; Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). Therefore, this objection is overruled. Alternatively, the matter is not complex, and the motion for counsel is denied. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); 18 U.S.C. § 3006A(a)(2)(B).

Next, Thompson argues that he is being unlawfully confined beyond the expiration of his sentence and seeks his immediate release and monetary damages. See Compl. [D.E. 1]. According to Thompson, he should have been released on April 17, 2015. See id.

Judge Numbers recommended dismissing Thompson's section 1983 complaint because Thompson must bring this unlawful-confinement claim in a petition for a writ of habeas corpus. See

M&R 3. Thompson objects to Judge Numbers' conclusion and argues that his lawsuit is for "false imprisonment" beyond his release date and that he is entitled to injunctive relief and damages under section 1983. See Supp. to Obj. [D.E. 17-1] 1. In support, Thompson argues that he is not challenging his conviction or sentence, but only his false imprisonment after his alleged release date. Id.

Thompson's claim fails. First, Thompson is mistaken about his release date. The North Carolina Department of Public Safety's website for Offender Public Information shows that Thompson is presently confined at Albemarle Correctional Institution with a projected release date of September 28, 2016, not April 17, 2015.[1] In any event, claims affecting the fact or duration of confinement generally may not be litigated in a section 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

If Thompson were successful on his claim, he would be immediately released from prison. "The fact that [Thompson] seeks immediate release from prison indicates that his claim intrudes upon the 'core' of habeas corpus and cannot be maintained under § 1983." Motte v. Harkleroad, et al., No. 1:11-cv-154-RJC, 2011 WL 5402739, at *2 (W.D.N.C. Nov. 8, 2011) (unpublished); see

---

[1] See North Carolina Department of Public Safety website at http://webapps6doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0652367&searchOffenderId=0652367&listurl=pagelistoffendersearchresults&listpage=1 (last visited July 29, 2016).

3

Preiser, 411 U.S. at 487. Thus, Thompson's section 1983 claim fails. See Preiser, 411 U.S. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Accordingly, this objection is overruled.

In sum, the court has reviewed the record, the M&R, and the pleadings. The court OVERRULES Thompson's objections [D.E. 17] to the M&R, ADOPTS the conclusions in the M&R [D.E. 16], and DISMISSES this action without prejudice.

SO ORDERED. This 29 day of July 2016.

JAMES C. DEVER III
Chief United States District Judge